Larry C. Baron, Esq. -- State Bar No. 153386
Michael S. Lavenant, Esq. – State Bar No. 198765
LANDEGGER, BARON, LAVENANT & INGBER
A Law Corporation
15760 Ventura Boulevard
Suite 1200
Encino, California 91436
Telephone: (818) 986-7561
Facsimile: (818) 986-5147

Attorneys for DEFENDANT
THE ADULT INDUSTRY MEDICAL HEALTH
CARE FOUNDATION

FILED
10 SEP -3 PM 3:44
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ______

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA LEE GRANDMASON and BESS GARREN,<br><br>Plaintiffs,<br><br>v.<br><br>THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION,<br><br>Defendant. | CASE NO.: CV10 6629 GW (PLAx)<br><br>**DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION (alternately referred to as "Defendant" and "AIM"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Los

Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§1332, 1441, 1446 and 1453, and respectfully state:

1. On or about June 28, 2010, DIANA LEE GRANDMASON and BESS GARREN, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs") commenced this putative class action against the Defendant by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California in and for the County of Los Angeles bearing case number BC 440524.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

## I. DEFENDANT HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. Defendant is informed and believes that in early July 2010, Defendant was served with the Summons and Complaint, which is attached hereto as Exh. "A." Review of the Complaint shows that Plaintiff did not disclose an estimate of their damages in the Complaint.

4. On August 5, 2010, Plaintiffs served their Statement of Damages, indicating that each Class member has suffered general damages in the amount of $65,000.00, and punitive damages in the amount of $120,000.00. A copy of Plaintiffs' Statement of Damages is attached hereto as Exh. "B." For purposes of removal only, Defendant will not object to Plaintiffs' assertion that each Class members aggregate damages are in the amount of $185,000.00. Given that Defendant did not learn of the facts regarding the damages suffered by each Class member until August 5, 2010, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

5. Pursuant to the recently enacted Class Action Fairness Act, Defendant

need not obtain the consent of any other Defendant to remove this action. (*See* 28 U.S.C. 1453(b).

6. The Superior Court of the State of California in and for the County of Los Angeles is located within the Central District of California. Therefore, venue is proper pursuant to 28 U.S.C. §89(c), because it is the "district and division embracing the place where such action is pending." (28 U.S.C. §1441(a).)

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon the Defendant is attached. As was noted previously, a copy of the Summons and Complaint are attached hereto as Exh. "A," and a copy of Plaintiffs' Statement of Damages is attached hereto as Exh. "B." Defendant's Answer to the Complaint is attached hereto as Exh. "C." Other than Exhs. "A" through "C," no other process, pleadings or order have been served upon Defendant. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the clerk of the Superior Court of the State of California in and for the County of Los Angeles.

## II. <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§1332 AND 1441</u>.

9. This case is subject to removal pursuant to the recently enacted Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

10. As set forth below, this is a putative class action in which: (1) the exact number of Class members is unknown, but Plaintiffs allege that the number of Class members is "in the thousands" (Complaint, p. 8, lns. 2-4); (2) at least some members of the proposed Class have a different citizenship from Defendant and, in fact, the Plaintiffs are citizens of different states than Defendant (Complaint, p. 2, lns. 15-19); (3) the jurisdictional minimum of $5,000,000.00 under CAFA is satisfied and

exceeded, based on Plaintiffs' allegations that there are at least one-thousand (1,000) Class members and that each Class member is entitled to recover general and punitive damages in the amount of $185,000.00. (Complaint, p. 8, lns. 2-4; Statement of Damages, p. 1 and Exh. "A" attached thereto.) Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d).

**A. Class Action Consisting of More Than One-Thousand (1,000) Members**

11. In their Complaint, Plaintiffs purport to represent a Class composed of "all patients, as defined by Civil Code § 56.05(g) for whom AIM created, maintained, preserved and stored medical information, as defined by Civil Code § 56.05(f), for the past three (3) years, and whose medical information was made available by AIM via aimcheck.net or any other database accessible via the internet." (Complaint, p. 7, lns. 23-28.)

12. Plaintiffs' allege that the number of Class members are "in the thousands." (*Id.* at p.2-4.) Based on these and other allegations, the aggregate number of Class members of all proposed Plaintiffs is greater than one-hundred, for purposes of 28 U.S.C. 1332(d)(5)(B).

**B. Diversity of Citizenship**

13. Plaintiffs are residents of the State of Florida. (Complaint, p. 2, lns. 15-18.) Plaintiffs do not allege any alternative state of residence. Based on Plaintiffs' allegations, California is the state where they are domiciled and, therefore, the state of which Plaintiffs are citizens.

14. Defendant is, and was, at the time Plaintiffs commenced this action, and at the time Plaintiffs filed and served their Statement of Damages, a not for profit corporation, organized under the laws of the State of California, with their principal place of business at 17530 Ventura Boulevard, Suite 201, Encino, California 91316, and therefore, is a citizen of the State of California, for purposes of determining

diversity. (28 U.S.C. §1332(c)(1).)

15. Thus, at least one proposed Class member and one Defendant are diverse, such that diversity exists to invoke federal jurisdiction.

**C. The Amount-In-Controversy Requirement Is Satisfied.**

16. Defendant tests adult film performers for sexually transmitted diseases. Plaintiffs allege that "AIM violates the privacy rights of performers in the adult film industry by allowing the producers of adult films online access to workers' health care information without the individual consents and releases required by federal and California law." (Complaint, p. 2, lns. 2-4.)

17. Plaintiffs allege three separate claims: (1) Violation of Civil Code §§ 56 et seq.; (2) Public Disclosure of Private Facts; and (3) Unfair and Deceptive Trade Practices. (*Id.* at p. 9, ln. 6 – p. 10, ln. 28.) Plaintiffs fail to state the monetary damages each potential Class member has suffered as a result Defendant's alleged unlawful disclosure of confidential health care information, but Plaintiffs do seek to recover actual damages, nominal damages, punitive damages, civil penalties, and attorneys' fees. (*Id.* at p. 11, lns. 9-11.)

18. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum of value of $5 million. (28 U.S.C. 1332(d)(6).) Plaintiffs' claimed damages exceed the jurisdictional threshold, based on their Statement of Damages.

19. Plaintiffs' Statement of Damages estimates that each Class member is entitled to punitive damages in the amount of $120,000.00. (Exh. "A" to Statement of Damages.) Given that Plaintiffs' believe there are "thousands" of Class members (Complaint, p. 8, lns. 2-4), on this ground alone, the amount of damages sought by Plaintiffs exceeds the $5 million threshold.

20. In addition to the punitive damages sought by Plaintiffs, general damages are sought by each Class member in the amount of $65,000.00. These

damages themselves, when multiplied by the modest figure of one-thousand Class members, also exceeds the jurisdictional threshold of $5 million.

21. Finally, CAFA's legislative history also makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. (*See, e.g.*, S. REP. 109-14, 43 ["Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any Defendant].") *See* [The intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"].) (Id. at p. 35.) *See also* ["The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many Plaintiffs, and have significant implications for interstate commerce and national policy"].) (*Id.* at p. 27.)

## III. EVEN IF CAFA DOES NOT APPLY, REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441.

22. Should the Court determine that this case is not removable pursuant to CAFA, the action is still removable based on diversity jurisdiction between the Plaintiffs and Defendant. Plaintiffs are residents of the State of Florida. (Complaint, p. 2, lns. 15-18.) Plaintiffs do not allege any alternative state of residence, or any facts to suggest that they are citizens of any state other than the State of Florida.

23. Defendant is, and was at the time Plaintiffs commenced this action, a not for profit corporation organized under the laws of the State of California with its principal place of business at 17530 Ventura Boulevard, Suite 201, Encino, California 91316. Defendant is a citizen of the State of California for purposes of determining diversity. (28 U.S.C. §1332(c)(1).) Thus, for purposes of removal based

on diversity of the parties, the Plaintiffs and Defendant are from different states and are, thus, diverse.

24. In the Complaint, Plaintiffs do not provide any allegations concerning the monetary damages they seek to recover in the present case. On August 5, 2010, Plaintiffs' served Defendant with their Statement of Damages. It was not until Plaintiffs served their Statement of Damages that Defendant learned, for the first time, that Plaintiffs seek to recover, for each Class member, punitive damages in the amount of $120,000.00 and general damages in the amount of $65,000.00. (Statement of Damages.) Thus, it was not until August 5, 2010, that Defendant learned that the amount in controversy exceeded the jurisdictional threshold of $75,000.00.

25. Based on the fact that Plaintiffs' believe there are "thousands" of Class members (Complaint, p. 8, lns. 2-4), and that each Class member is entitled to general and punitive damages amounting to $185,000.00, the amount in controversy clearly exceeds the jurisdictional threshold of $75,000.00.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California in and for the County of Los Angeles, bearing number BC 440524, to this Court pursuant to 28 U.S.C. §1441.

Respectfully Submitted,

DATED: September 3, 2010

LANDEGGER | BARON | LAVENANT | INGBER
A Law Corporation

By: [signature]

LARRY C. BARON
Attorneys for Defendant
THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
***CASE NAME: Grandmason v. AIM Health Care Foundation***
***CASE NO: BC440524***

*I declare as follows:*

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On September 3, 2010, I served a true and correct copy, with all exhibits, of the following documents described as:

**DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

☐ On the party or parties named below, by personally delivering a true copy thereof on ________ ________at approximately ___________ at Sherman Oaks, California. Accepted by:___________________________ (Personal service)

☑ on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. (Regular office deposit)

☐ on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No. ***, with delivery fees paid by sender's account. (Code of Civil Procedure §1013(c).) (Overnight delivery service)

☐ on the interested parties in the within action by transmitting via facsimile machine to the name(s) and facsimile number(s) set forth below. (Facsimile)

Tom Myers, Esq.
F. Brian Chase, Esq.
6255 W. Sunset Blvd., 21st Floor
Los Angeles, CA 90028

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 3, 2010, at Encino, California.

By:________________________ [signature]
Signature of Declarant

By: LEAH BROWITT__________
Type or Print Name of Declarant

Larry C. Baron, Esq. -- State Bar No. 153386
Michael S. Lavenant, Esq. – State Bar No. 198765
LANDEGGER, BARON, LAVENANT & INGBER
A Law Corporation
15760 Ventura Boulevard
Suite 1200
Encino, California 91436
Telephone: (818) 986-7561
Facsimile: (818) 986-5147

Attorneys for DEFENDANT
THE ADULT INDUSTRY MEDICAL HEALTH
CARE FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA LEE GRANDMASON and BESS GARREN,<br><br>Plaintiffs,<br><br>v.<br><br>THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION,<br><br>Defendant. | CASE NO.:<br><br>**DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION (alternately referred to as "Defendant" and "AIM"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Los

Tom Myers, SBN 176008
F. Brian Chase, SBN 242542
6255 W. Sunset Blvd., 21st Floor
Los Angeles, CA 90028
Telephone (323) 860-5200
Facsimile: (323) 467-8450

Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 28 2010

John A. Clarke, Executive Officer/Clerk
By ________, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES

DIANA LEE GRANDMASON
And BESS GARREN,
Plaintiffs,

vs.

THE ADULT INDUSTRY
MEDICAL HEALTH CARE
FOUNDATION,
Defendant.

Case No.: BC440524

CLASS ACTION
COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

[Demand for Jury Trial]

Department:

## INTRODUCTION

1. Plaintiffs Diana Lee Grandmason ("Grandmason") and Bess Garren ("Garren") are former actresses in the adult film industry.

2. Producers of adult film routinely require their performers to engage in acts that expose them to bodily fluids that can spread sexually transmitted diseases. Not surprisingly, this has led to an epidemic of sexually transmitted diseases among performers.

3. Defendant Adult Industry Medical Health Care Foundation ("AIM") enjoys a virtual monopoly on testing adult film performers for sexually transmitted diseases ("STDs"). In exchange for its monopoly, AIM provides the producers of adult films with unfettered access to the private medical records of performers, and acts as a public defender of unsafe working practices and conditions in the production of adult films. AIM is a central component of the adult film industry's failed experiment in "self-regulation" to prevent the spread of STDs in the



EXHIBIT "A"

adult film industry.

4. AIM violates the privacy rights of performers in the adult film industry by allowing the producers of adult films online access to workers' health care information without the individual consents and releases required by federal and California law. AIM knowingly and intentionally provides this private information to producers of adult films in order to facilitate the production of adult films.

5. AIM further jeopardizes the health and well-being of performers in the adult film industry by discouraging the use of condoms and other safer-sex practices known to prevent and dramatically reduce the spread of STDs.

6. The actions of AIM violate Grandmason's and Garren's rights to privacy, the rights of individuals similarly situated to Plaintiffs, and further constitute an unfair and deceptive trade practice under California law.

## PARTIES

7. Plaintiff Diana Lee Grandmason is a resident of the State of Florida and is over eighteen years of age. While working in the adult film industry, Ms. Grandmason spelled her name "Grandmaison".

8. Plaintiff Bess Garren is a resident of the State of Florida and is over eighteen years of age.

9. Defendant AIM is a California nonprofit corporation.

## VENUE

10. Defendant AIM maintains an office in Los Angeles County; therefore venue in this action properly lies in the Superior Court of California in and for the County of Los Angeles.

## GENERAL ALLEGATIONS

### The Prevalence Of Sexually Transmitted Disease Within The Adult Film Industry

11. AIM's program of voluntary testing of adult film performers for some, but not all, STDs has failed to protect those performers. STDs remain rampant within the industry.

12. Current practices in the adult film industry expose performers to bodily fluids containing disease. Unlike other workers, such as health care workers for whom protective prophylaxis are required in the workplace, most performers in adult films perform sexual acts without any protection from exposure to communicable disease.

13. Predictably, the practices of the adult film industry in Los Angeles County have led to recurrent outbreaks of STDs, including human immunodeficiency virus (HIV), gonorrhea, syphilis, chlamydia, hepatitis, genital human papillomavirus infection, and genital herpes.

14. The Los Angeles County Department of Public Health has documented the following statistics regarding STDs within the adult film industry:

a. There were 2,013 documented cases of chlamydia among performers between the years 2003 and 2007;

b. There were 965 documented cases of gonorrhea among performers in the same period;

c. Many performers suffer multiple infections, with some having four or more infections over the course of a year; and,

d. In the period of April 2004 to March 2008 there have been "2,847 STD infections diagnosed among 1,884 performers" in the adult film industry in Los Angeles County.

15. There have also been Human Immunodeficiency Virus ("HIV") infections within the adult film industry, including infections industry in 1998, when one male performer transmitted HIV to at least five female performers. Prior known infections occurred in 1999, 1997 and 1995. In April - May of 2004, a male adult film industry performer infected three female performers, aged 21 - 26, with HIV.

**AIM's Role In The Adult Film Industry**

16. It is beyond doubt that performing in the adult film industry is dangerous to one's health.

17. Despite this, the adult film industry has consistently opposed any workplace safety regulations to protect performers from disease. Citing only their desire for profits, producers in the industry fear that using condoms to protect performers will reduce sales of adult films and cut into revenue. Producers thus have completely shifted the risk, and cost, of contracting STDs to performers.

18. In order to help avoid the imposition of safety regulations, the industry touts that it has "self-regulated," and instituted a program of testing – at performer expense - for STDs.

19. AIM has colluded in this "self-regulation" scheme by positioning itself as the testing gatekeeper for performers. With the agreement of most, if not all, producers of adult films in Los Angeles County, all performers are required to be tested, at their expense, for certain STDs at AIM every thirty days. For most performers, this testing is a condition of obtaining work in the adult film industry.

20. AIM actively encourages the producers of adult films to enact "AIM Only" policies, under which the studios pledge to accept only sexually transmitted disease test results from AIM and no other testing providers. Performers who choose to be tested for STDs at facilities other than AIM are, as a practical matter, banned from working in the industry.

21. Upon information and belief, AIM's primary sources of revenue are the testing fees it is paid by adult film performers, and donations given to AIM by the producers of adult films.

22. In exchange for its monopoly position as the sole provider of sexually transmitted disease testing within the adult film industry, AIM provides the producers of adult films with unfettered online access to confidential health records of AIM's patients, and publicly defends the adult film industry's refusal to adequately protect performers from the spread of STDs.

23. AIM steadfastly opposes any efforts to require the use of condoms in the production of adult films, wrongly insisting that monthly testing for a limited number of STDs is sufficient protection for performers. As the prevalence of STDs in the adult film industry cited above attest, this simply is not the case.

24. AIM and the adult film industry have created an epidemic of STDs. This epidemic threatens both performers within the industry, as well as members of the general public. In addition, on information and belief, the cost of treating these STDs, including HIV/AIDS, is borne significantly by state and local governments.

**AIM Illegally Discloses Private Medical Information**

25. As a health care provider, AIM's first and foremost duty is to protect the patients it serves. AIM, however, is compromised by its financial dependence upon the very industry that routinely exposes AIM's patients to the threat of STDs. That dependence has led AIM to subrogate the needs of its patients to the needs of the adult film industry. AIM's willingness to illegally share confidential medical information with an unknown number of individuals within the adult film industry and AIM's inexplicable decision to defend the industry from any and all workplace regulations demonstrates a callous disregard for the patients AIM is charged to protect.

26. As a condition for testing, AIM requires performers in adult films to sign a "release" form ("AIM Release"). AIM has employed various versions of the AIM Release, all of which purport to authorize AIM to release confidential medical information.

27. At least one version of the AIM Release states "you hereby authorize Dr. Colin Hamblin (referred hereinafter as "Physician") to release the results of your **Gonorrhea, Chlamydia and Syphilis** and Human Immunodeficiency Virus or Acquired Immune Deficiency Syndrome **(HIV/AIDS)** test(s) to any duly authorized agent of AIM or others as AIM may deem appropriate as to the safety of the community, and your Agent(s) of Record as listed below." (emphasis in the original).

28. The AIM Release further states "[y]ou hereby indemnify and hold Physician, Physician's Agent, AIM, and your Agent(s) of Record harmless for any claims, actions, causes of action, demands, rights, damages, costs, loss of services, expense and compensation, of any nature whatsoever, which you now have or which may hereafter accrue on account of, or in any way related to any known and unknown, foreseen and unforeseen, emotional, bodily, and personal

injuries resulting directly or indirectly from such testing and/or disclosure."

29. AIM publishes the results of performers' sexually transmitted disease results on a website located at the URL "aimcheck.net" and accessible to anyone with a user name and password to the website.

30. The AIM Release does not state "the name or functions of the persons or entities authorized to receive the medical information" in violation of Cal. Civ. Code § 56.11(f).

31. The AIM Release does not contain "[t]he name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure" in violation of 45 CFR § 164.508(c)(1)(iii).

32. The AIM Release fails to state "the specific uses and limitations on the use of the medical information by the persons or entities authorized to receive the medical information" in violation of Cal. Civ. Code § 56.11(g). Instead, the AIM Release gives AIM unfettered discretion to release patients' medical information as it deems appropriate.

33. The AIM Release does not state "a specific date after which the provider of health care... is no longer authorized to disclose the medical information" in violation of Cal. Civ. Code § 56.11(h).

34. The AIM Release purports to allow an unlimited number of disclosures of HIV test results to an unlimited number of unspecified parties, in violation of Cal. Health & Safety Code § 120980(g), which provides that "[w]ritten authorization is required for each separate disclosure of the test results, and shall include to whom the disclosure would be made."

35. The AIM Release does not include an expiration date, in violation of 45 CFR § 164.508(c)(1)(v).

36. The AIM Release does not "advise the person signing the authorization of the right to receive a copy of the authorization" in violation of Cal. Civ. Code § 56.11(i).

37. The AIM Release purports to both authorize the release of medical information and to indemnify AIM, in violation of Cal. Civ. Code § 56.11(b) which requires that the signature on a release of medical information "serves no purpose other than to execute the authorization."

38. AIM conditions testing for adult film performers upon their willingness to sign the AIM

Release, in violation of 45 CFR § 164.508(c)(2)(ii).

39. Upon information and belief, Plaintiffs state that AIM routinely fails to provide patients with a "Notice of Privacy Practices", in violation of 45 CFR § 164.520.

40. AIM's interest in testing adult film performers is not to protect their health and privacy, but to facilitate the production of adult films and to help adult film producers maximize profits by warding off sensible health regulations, and shifting the true costs of producing films, including the costs of treating STD's contracted in the making of these films, to the performers and the public at large.

**Plaintiffs' Testing At AIM**

41. While working in California's adult film industry, Garren and Grandmason were both tested for STDs at AIM. In order to obtain testing, Garren and Grandmason were required to sign the AIM Release.

42. Garren was tested for HIV, chlamydia and gonorrhea at AIM on ten occasions in 2008 and 2009.

43. Grandmason was tested for HIV, chlamydia and gonorrhea at AIM on nine occasions in 2008 and 2009.

44. Upon information and belief, Plaintiffs assert that their protected health information was and remains available to anyone with a username and password for AIM's database at aimcheck.net.

**Class Action Allegations**

45. Plaintiffs bring this action on their own behalf, and on behalf of all other persons similarly situated ("the Class"). The Class that Plaintiffs seek to represent is composed of all patients, as defined by Civil Code § 56.05(g) for whom AIM created, maintained, preserved and stored medical information, as defined by Civil Code § 56.05(f), for the past three (3) years, and whose medical information was made available by AIM via aimcheck.net or any other database accessible via the internet. Excluded from the Class are natural persons who are directors,

officers and employees of AIM.

46. The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs believe it is in the thousands.

47. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class and Plaintiffs can fairly and adequately represent the interests of the Class.

48. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among these questions of law common to the Class are:

a. Whether Class members have confidential medical information maintained by AIM?

b. Whether AIM has disclosed Class members' confidential medical information without proper written authorization of each Class member?

c. Whether AIM's business practices constitute a violation of Business and Professions Code §§ 17200 *et seq.*?

d. Whether Plaintiff and the Class are entitled to civil penalties, damages, and/or injunctive relief?

49. Plaintiffs' claims are typical of those of other Class members because Plaintiffs, like every other class member, were required to sign the AIM Release in order to obtain employment in the adult film industry and Plaintiffs' confidential medical information has been improperly disclosed by AIM.

50. Plaintiffs will fairly and accurately represent the interests of the Class.

51. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for AIM and would lead to repetitive adjudication of common questions of law and fact. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class

action.

52. Damages for any individual class member are likely insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF CIVIL CODE §§ 56 *ET SEQ.*

53. Plaintiffs incorporate the allegations contained in all previous paragraphs as if fully set forth herein.

54. Defendant AIM is a provider of health care within the meaning of Civil Code § 56.05(h) and maintains medical information as defined by Civil Code § 56.05(f).

55. Plaintiffs are patients of AIM, as defined in Civil Code § 56.05(g). AIM maintains personal medical information of Plaintiffs and the Class.

56. Defendant AIM has released medical information regarding Plaintiffs without written authorization compliant with the provisions of Civil Code §§ 56 *et seq.*

57. Plaintiffs are informed and believe that Defendant AIM has released medical information regarding members of the Class without written authorization compliant with the provisions of Civil Code §§ 56 *et seq.*

58. AIM's disclosure of medical information regarding the Plaintiffs and the Class constitutes a violation of Civil Code §§ 56.10 and 56.11.

59. Plaintiffs and the Class have suffered damages from the improper disclosure of their medical information and therefore Plaintiffs and the Class seek relief under Civil Code §§ 56.35 and 56.36(b).

60. Plaintiffs and the Class seek actual damages, as well as nominal damages of one thousand dollars ($1,000) per violation pursuant to Civil Code § 56.36(b)(2), and punitive damages up to three thousand dollars ($3,000) per violation pursuant to Civil Code § 56.35.

61. Plaintiffs and the Class also seek recovery of attorney's fees pursuant to Civil Code § 56.35 and costs of litigation pursuant to Civil Code § 56.35.

## SECOND CAUSE OF ACTION

## PUBLIC DISCLOSURE OF PRIVATE FACTS

62. Plaintiffs incorporate the allegations contained in all previous paragraphs as if fully set forth herein.

63. AIM has publicly disclosed private facts concerning Plaintiffs. Specifically, AIM has disclosed Plaintiffs' sexually transmitted disease test results, in violation of state and federal law.

64. A reasonable and objective person would find AIM's disclosure of Plaintiffs' private medical information offensive and objectionable.

65. The private facts disclosed by AIM are not of legitimate public concern.

66. Plaintiffs have been damaged by the disclosure.

## THIRD CAUSE OF ACTION

## UNFAIR AND DECEPTIVE TRADE PRACTICES

67. Plaintiffs incorporate the allegations contained in all previous paragraphs as if fully set forth herein.

68. AIM's ongoing disclosure of sensitive medical information constitutes an unfair, fraudulent and deceptive trade practice under Cal. Bus. & Prof. Code § 17200.

69. AIM's requirement that adult film performers sign the AIM Release, illegally authorizing the dissemination of private medical information and purporting to indemnify AIM for any damages caused by the release of that data, constitutes an unfair, fraudulent and deceptive trade practice under Cal. Bus. & Prof. Code § 17200.

70. AIM's collusion with the producers of adult films to create a monopoly in the provision of sexually transmitted disease testing for performers constitutes an unfair and deceptive trade practice under Cal. Bus. & Prof. Code § 17200.

71. As a direct result of the foregoing breaches, Plaintiffs' have suffered and continue to suffer damages in a sum not yet ascertained. Plaintiffs' damages include, but are not limited to, amounts they were required to pay to AIM in order to perform in adult films.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs demand a jury trial for all issues so triable, and pray for judgment as follows:

A. That the Court certifies this action as a class action;

B. That Defendant Adult Industry Medical Health Care Foundation is enjoined, pursuant to Cal. Bus. & Prof. Code § 17203, from future unfair, fraudulent and deceptive trade practices, including the unauthorized disclosure of protected medical information;

C. For actual damages, nominal damages, punitive damages and civil penalties, in an amount to be determined;

D. For an award of costs of suit and attorneys fees, as allowable by law; and,

E. Such other and further relief as this court may deem just and proper.

Dated this 26 day of June, 2010

F. Brian Chase, SBN 242542

COPY

06/28/2010 213-623-7527-Ace Attorney Service by Fax 1 of 1

SUM-100

# SUMMONS
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 28 2010

John A. Clarke, Executive Officer/Clerk
By ________, Deputy
SHAUNYA WESLEY

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
The Adult Industry Medical Healthcare Foundation

BY FAX

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Diana Lee Grandmason and Bess Garren

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC 440524

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aids healthcare Foundation
323-860-5395

DATE: 6/28/2010 JUN 28 2010 JOHN A. CLARKE, CLERK Clerk, by S. WESLEY, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: The Adult Industry Medical Healthcare Foundation
 under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
 ☒ other *(specify)*: a business entity from unknown
4. ☒ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

06/28/2010 213-623-7527-Ace Attorney Service by Fax 1 of 5

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Tom Meyers, S.B.N. 176008
F. Brian Chase S.B.N. 242542
6255 W. Sunset Blvd., 21st Floor
Los Angeles, CA 90028
TELEPHONE NO.: 323-860-5200 FAX NO.: 323-467-8450
ATTORNEY FOR (Name): Diana Grandmason and Bess Garren

BY FAX

FOR COURT USE ONLY
CONFORMED COPY OF ORIGINAL FILED
Los Angeles Superior Court
JUN 28 2010
John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St., Los Angeles, CA 90012
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Grandmason and Garren v. Adult Industry Medical Healthcare Found.

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC440524
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 6/28/10
F. Brian Chase
(TYPE OR PRINT NAME)
▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Grandmason and Garren v. AIM Health Care Foundation | BC440524 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES CLASS ACTION? ☑ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 3 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Grandmason and Garren v. AIM Health Care Foundation | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: Grandmason and Garren v. AIM Health Care Foundation | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: Grandmason and Garren v. AIM Health Care Foundation | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: Brian Chase, AIDS Healthcare Foundation 6255 W. Sunset Blvd., 21st Floor |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90028 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the County courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 6/28/10

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
... a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The ... communicate so they can try to settle the dispute themselves. Mediation leaves

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): Tom Myers (SBN 176008)
F. Brian Chase (SBN 242542)
6255 W. Sunset Blvd., 21st Floor
Los Angeles, CA 90028
TELEPHONE NO.: 323-860-5200
ATTORNEY FOR (name): Diana Grandmason

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St., Los Angeles, CA 90012
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF: Diana Grandmason and Bess Garren
DEFENDANT: Adult Industry Medical Healthcare Foundation

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER: BC440524

To (name of one defendant only): Adult Industry Medical Healthcare Foundation
Plaintiff (name of one plaintiff only): Bess Garren
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| **1. General damages** | |
| a. ☐ Pain, suffering, and inconvenience | $ |
| b. ☑ Emotional distress | $ $25,000 |
| c. ☐ Loss of consortium | $ |
| d. ☐ Loss of sociey and companionship (wrongful death actions only) | $ |
| e. ☑ Other (specify) Nominal damages of $1,000 per violation (Civ. Code 56.36(b)(2)) | $ 40,000 |
| f. ☐ Other (specify) | $ |
| g. ☐ Continued on Attachment 1.g. | |
| **2. Special damages** | |
| a. ☐ Medical expenses (to date) | $ |
| b. ☐ Future medical expenses (present value) | $ |
| c. ☐ Loss of earnings (to date) | $ |
| d. ☐ Loss of future earning capacity (present value) | $ |
| e. ☐ Property damage | $ |
| f. ☐ Funeral expenses (wrongful death actions only) | $ |
| g. ☐ Future contributions (present value) (wrongful death actions only) | $ |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ |
| i. ☐ Other (specify) | $ |
| j. ☐ Other (specify) | $ |
| k. ☐ Continued on Attachment 2.k. | |

3. ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ See Exhibit A when pursuing a judgment in the suit filed against you.

Date: Aug 5, 2010

Fred Brian Chase
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE ~~OF PLAINTIFF~~ OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)



Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

EXHIBIT "B"

**EXHIBIT A**

Plaintiff Bess Garren is entitled to statutory punitive damages of $3,000 for each of Defendant Adult Industry Medical Healthcare Foundation's violations of her medical privacy rights under Civil Code §§ 56 *et seq*. Garren is unaware of the total number of violations, as that information is exclusively in the possession of Defendant, but Garren believes that her private medical information has been improperly released at least forty times, for total punitive damages of $120,000.00

CIV-050

| PLAINTIFF: Diana Grandmason and Bess Garren<br>DEFENDANT: Adult Industry Medical Healthcare Foundation | CASE NUMBER:<br>BC440524 |
|---|---|

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)*:
   b. on *(name)*:
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:
   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

Larry C. Baron, Esq. – State Bar No. 153386
Michael S. Lavenant, Esq. – State Bar No.198765
Jennifer Raphael Komsky, Esq. – State Bar No. 190228
LANDEGGER, BARON, LAVENANT & INGBER
A Law Corporation
15760 Ventura Boulevard
Suite 1200
Encino, California 91436
Telephone: (818) 986-7561
Facsimile: (818) 986-5147

Attorneys for DEFENDANT,
THE ADULT INDUSTRY MEDICAL HEALTH CARE
FOUNDATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| DIANA LEE GRANDMASON and BESS GARREN,<br><br>Plaintiff,<br><br>v.<br><br>THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION,<br><br>Defendants. | CASE NO.: BC 440524<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE AMY D. HOGUE, DEPT. 34<br><br>**DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S ANSWER COMPLAINT**<br><br>**CASE FILED: June 28, 2010**<br><br>DISCOVERY CUT-OFF: NONE<br>MOTION CUT-OFF: NONE<br>TRIAL DATE: NONE |

COMES NOW, DEFENDANT, THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION (hereinafter referred to as "DEFENDANT") and who, for itself alone, answers the Unverified Complaint (hereinafter referred to as "Complaint") on file herein of PLAINTIFFS, DIANA LEE GRANDMASON and BESS GARREN (hereinafter referred to as "PLAINTIFFS"), as follows:

1. Pursuant to §431.30(d) of the Code of Civil Procedure, DEFENDANT denies, generally and specifically, each and every allegation in PLAINTIFFS' Complaint.

2. DEFENDANT further denies, generally and specifically, that PLAINTIFFS are



Printed on recycled paper

EXHIBIT "C"

entitled to the relief requested, or that PLAINTIFFS have been, or will be damaged in any amount, or at all, by reason of any act or omission on the part of DEFENDANT, or any of its agents or employees. DEFENDANT also pleads the following separate and affirmative defenses to the Complaint:

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

3. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering DEFENDANT.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

(Unclean Hands)

4. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

(Laches)

5. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Waiver)

6. PLAINTIFFS have waived their right, if any, to pursue the Complaint and each purported cause of action contained therein, by reason of thier own actions and course of conduct.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Estoppel)

7. PLAINTIFFS are estopped from pursuing the Complaint, and each purported cause of action contained therein, by reason of their own actions and course of conduct.

///

///

///

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Nondiscriminatory Motives)

8. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action because any actions taken with respect to PLAINTIFFS' were taken by DEFENDANT for legitimate, nondiscriminatory reasons and were reasonably based upon the facts as DEFENDANT understood them.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Reasonable Cause)

9. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action because all actions taken by DEFENDANT were on the basis of reasonable cause.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

10. The Complaint, and each purported cause of action contained therein, is barred by the applicable statutes of limitations.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Mitigation of Damages)

11. The Complaint, and each purported cause of action contained therein, is barred because PLAINTIFFS have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Uncertainty)

12. The Complaint, and each purported cause of action contained therein, is uncertain in that it is impossible to determine from the Complaint which of the alleged acts of this answering DEFENDANT caused the injuries alleged in the Complaint.

///

///



Printed on recycled paper

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Failure to State Facts Sufficient to Entitle Award of Damages, Fees and/or Costs)

13. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to entitle PLAINTIFFS to an award of general damages, special damages, exemplary or punitive damages, statutory penalties, interest, or attorneys' fees and costs.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Third Person Intervention)

14. The Complaint, and each purported cause of action contained therein, is barred because any injuries, losses or damages which PLAINTIFFS have alleged in their Complaint, if any have occurred, which this answering DEFENDANT denies, such injuries, losses or damages were caused solely or in part by persons, firms, corporations or entities other than this answering DEFENDANT.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Actions Permitted by Law)

15. The Complaint, and each purported cause of action contained therein, is barred because any action taken by DEFENDANT was permitted by law.

**FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Plaintiff Wholly or Partially at Fault)

16. The Complaint, and each purported cause of action contained therein, is barred because if PLAINTIFFS have sustained, or will sustain, any of the injuries, losses or damages described in their Complaint, which this answering DEFENDANT denies, then such injuries, losses or damages, were caused solely or in significant part by PLAINTIFFS' own acts which were a proximate contributing cause of the incident(s), if any, referred to in their Complaint, and any resulting damages, or injuries, if any were sustained.

///

///

///

**FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Good Cause)

17. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action, because any decisions made by DEFENDANT with respect to PLAINTIFFS were based upon good cause.

**SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Preempted By Workers' Compensation)

18. The Complaint, and each purported cause of action therein, is preempted by the exclusivity provisions of the California Labor Code, sections 3600 *et seq*.

**SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Plaintiff Not Entitled to Punitive Damages)

19. PLAINTIFFS are not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a) PLAINTIFFS have failed to plead facts sufficient to support allegations of oppression, fraud or malice. (Civil Code, § 3294(a));

(b) PLAINTIFFS have failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of PLAINTIFF or that DEFENDANT was motivated by evil motive or intent; and

(c) Neither DEFENDANT nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others. (Civil Code, § 3294(b).)

///

///

///

///



Printed on recycled paper

**EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Defendant acted in Good Faith)

20. The Complaint, and each purported cause of action contained therein, is barred because this answering DEFENDANT contends that it acted at all times in good faith and without malice, bad faith or improper motive.

**NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - Management)

21. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as substantial difficulties are likely to be encountered in the management of this action as a class action as the interest of each member and the whole differ.

**TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - Numerosity)

22. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, since the class is not large enough to make individual actions unmanageable.

**TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - No Ascertainable Class)

23. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as there is no existence of an ascertainable class and a well-defined community of interest among the class members.

**TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - No Predominant Common Questions of Law/Fact)

24. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as substantial difficulties are likely to be encountered in that there exist no predominant common questions of law or fact.

///

///



Printed on recycled paper

**TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - Atypical or Differing Claims or Facts)

25. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as the class representative has differing claims or facts not typical of a particular class.

**TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - No Adequate Representation)

26. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as the class representative cannot adequately represent the class.

**TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - Individual Factual Questions)

27. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as individual fact questions predominate over any common issues, rending class action treatment inappropriate.

**TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Not a Proper Class Action - Differing Affirmative Defenses)

28. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as defenses to be offered raise individual issues specific to each member of the class that predominate over the issues in common.

**TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Insufficient Pleadings)

29. PLAINTIFFS have failed to plead her claims with sufficient particularity to enable DEFENDANT to allege all appropriate affirmative defenses and therefore, DEFENDANT reserves the right to allege additional affirmative defenses as needed.

WHEREFORE, DEFENDANT prays for judgment as follows:



Printed on recycled paper

1. That PLAINTIFFS take nothing by reason of their Complaint, that the same be dismissed in its entirety with prejudice, and that judgment be entered for DEFENDANT;

2. That DEFENDANT be awarded its costs and attorneys' fees as allowed by law; and,

3. That DEFENDANT be awarded such other and further relief as the Court deems just and proper.

Dated: August 30, 2010

**LANDEGGER, BARON, LAVENANT & INGBER**
A Law Corporation

By: ______________________
Michael S. Lavenant
Attorneys for Defendant
AIM HEALTHCARE FOUNDATION



Printed on recycled paper

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

*CASE NAME: Grandmason v. AIM Health Care Foundation*
*CASE NO: BC440524*

*I declare as follows:*

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On August 30, 2010, I served a true and correct copy, with all exhibits, of the following documents described as:

**DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S ANSWER COMPLAINT**

☐ On the party or parties named below, by personally delivering a true copy thereof on _______ _______at approximately __________ at Sherman Oaks, California. Accepted by:_________________________ (Personal service)

☑ on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. (Regular office deposit)

☐ on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No. ***, with delivery fees paid by sender's account. (Code of Civil Procedure §1013(c).) (Overnight delivery service)

☐ on the interested parties in the within action by transmitting via facsimile machine to the name(s) and facsimile number(s) set forth below. (Facsimile)

Tom Myers, Esq.
F. Brian Chase, Esq.
6255 W. Sunset Blvd., 21st Floor
Los Angeles, CA 90028

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 30, 2010, at Encino, California.

By:______________________
Signature of Declarant

By: IDA MAMEDOVA
Type or Print Name of Declarant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV10- 6629 GW (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GRANDMASON, DIANA LEE and GARREN, BESS | The Adult Industry Medical Healthcare Foundation, a California Corporation |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Tom Myers & F. Brian Chase<br>Phone: (323) 860-5200<br>6255 W. Sunset Blvd., 21st Floor, Los Angeles, CA 90028 | Attorneys (If Known)<br>Larry C. Baron, Esq.<br>Landegger, Baron, Lavenant & Ingber Phone: 818-986-7561<br>15760 Ventura Boulevard, Suite 1200, Encino, CA 91436 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Class Action Fairness Act of 2005 Pub. L. No. 109-2, 119 Stat. 4; 28 U.S.C. section 1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Act<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Info. Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise<br>**REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Fed. Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Personal Injury-Med Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | **PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br>**BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 American with Disabilities - Employment<br>☐ 446 American with Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>**FORFEITURE / PENALTY**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety /Health<br>☐ 690 Other | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY: Case Number: CV10-6629

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ____________

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ____________

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Gary C. Baron **Date** September 3, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

***CASE NAME:*** ***Grandmason v. AIM Health Care Foundation***
***CASE NO: BC440524***

*I declare as follows:*

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15760 Ventura Boulevard, Suite 1200, Encino, California 91436. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On September 3, 2010, I served a true and correct copy, with all exhibits, of the following documents described as:

## CIVIL COVER SHEET

☐ On the party or parties named below, by personally delivering a true copy thereof on ________ _______at approximately ___________ at Sherman Oaks, California. Accepted by:____________________________ (Personal service)

☑ on the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. (Regular office deposit)

☐ on the interested parties in the within action by placing the above documents in the United States mail for Express Mail delivery at 15760 Ventura Boulevard, Encino, California 91436 in a sealed envelope, with Express Mail postage thereon fully prepaid; by depositing copies of the above documents in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express Airbill No. ***, with delivery fees paid by sender's account. (Code of Civil Procedure §1013(c).) (Overnight delivery service)

☐ on the interested parties in the within action by transmitting via facsimile machine to the name(s) and facsimile number(s) set forth below. (Facsimile)

Tom Myers, Esq.
F. Brian Chase, Esq.
6255 W. Sunset Blvd., 21st Floor
Los Angeles, CA 90028

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 3, 2010, at Encino, California.

By:________________________ Signature of Declarant

By: LEAH BROWITT__________ Type or Print Name of Declarant