Larry C. Baron, Esq. – State Bar No. 153386
Larry@landeggeresq.com
Michael S. Lavenant, Esq. – State Bar No. 198765
Michael@landeggeresq.com
Jennifer Raphael Komsky, Esq. – State Bar No. 190228
Jennifer@landeggeresq.com
LANDEGGER, BARON, LAVENANT & INGBER
A Law Corporation
15760 Ventura Boulevard
Suite 1200
Encino, California 91436
Telephone: (818) 986-7561
Facsimile:  (818) 986-5147

Attorneys for DEFENDANT
THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LEE GRANDMASON and BESS GARREN,<br><br>Plaintiffs,<br><br>v.<br><br>THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION,<br><br>Defendant. | CASE NO.: CV10-6629 GW (PLAx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE GEORGE H. WU<br><br>**DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

COMES NOW, DEFENDANT, THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION (hereinafter referred to as "DEFENDANT") and who, for itself alone, hereby answers, pleads and otherwise responds to the claims in the First Amended Complaint (hereinafter referred to as "Complaint") on file herein of PLAINTIFFS, DIANA LEE GRANDMASON and BESS GARREN (hereinafter referred to as "PLAINTIFFS"), as follows:

1. Except as otherwise expressly stated below, DEFENDANTS deny each and every allegation contained in the FAC.

2. Answering Paragraph 1 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny whether Plaintiffs are current or former actresses in the adult film industry.

3. Answering Paragraph 2 of the FAC, DEFENDANT is not a producer of adult film(s) and thereby lacks sufficient information and belief to admit or deny the allegations contained therein.

4. Answering Paragraph 3 of the FAC, DEFENDANT denies the allegation and lacks sufficient information and belief to admit or deny whether these allegations apply to AIM Medical Associates, P.C., or DOES 1 to 10.

5. Answering Paragraph 4 of the FAC, DEFENDANT denies the allegations.

6. Answering Paragraph 5 of the FAC, DEFENDANT denies the allegations.

7. Answering Paragraph 6 of the FAC, DEFENDANT denies the allegations.

8. Answering Paragraphs 7 and 8 of the FAC, DEFENDANT lacks sufficient information and belief and thereby denies the state of resident of Plaintiffs, their age, or the current or former stage names or spellings.

9. Answering Paragraph 9 of the FAC, DEFENDANT admits.

10. Answering Paragraph 10 of the FAC, DEFENDANT is informed and believes after a review of the California Secretary of State website, and on that basis asserts that Defendant AIM Medical Associates, P.C. is a California corporation with an address in Los Angeles County. DEFENDANT and Defendant AIM Medical Associates, P.C. are two separate entities.

11. Answering Paragraph 11 of the FAC, DEFENDANT lacks sufficient knowledge as to Plaintiffs' information and belief and thereby denies the allegations.

12. Answering Paragraph 12 of the FAC, DEFENDANT lacks sufficient knowledge to admit or deny Plaintiffs' knowledge regarding DOE defendants.

13. Answering Paragraph 13 of the FAC, DEFENDANT admits that it removed the action filed by Plaintiffs.

14. Answering Paragraph 14 of the FAC, DEFENDANT alleges that it does not have a "program" of testing or that DEFENDANT is required to "protect" performers from STD. DEFENDANT's testing was provided to test for certain STDs. For all other allegations, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

15. Answering Paragraph 15 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

16. Answering Paragraph 16 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

17. Answering Paragraph 17 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

18. Answering Paragraph 18 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

19. Answering Paragraph 19 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

20. Answering Paragraph 20 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

21. Answering Paragraph 21 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

///

22. Answering Paragraph 22 of the FAC, DEFENDANT denies that it has "colluded" with any party. DEFENDANT lacks sufficient information and belief to admit or deny the remaining allegations and thereby must deny the allegations.

23. Answering Paragraph 23 of the FAC, DEFENDANT denies that it has encouraged "AIM Only" policies. DEFENDANT lacks sufficient information and belief to admit or deny the remaining allegations and thereby must deny the allegations.

24. Answering Paragraph 24 of the FAC, DEFENDANT admits that part of revenue came from testing fees and donations.

25. Answering Paragraph 25 of the FAC, DEFENDANT denies the allegations.

26. Answering Paragraph 26 of the FAC, DEFENDANT denies the allegations.

27. Answering Paragraph 27 of the FAC, DEFENDANT denies the allegations that it has created an epidemic of STDs. DEFENDANT lacks sufficient information and belief to admit or deny the remaining allegations and thereby must deny the allegations.

28. Answering Paragraph 28 of the FAC, DEFENDANT admits that it owes a duty to the individuals who utilize its services. DEFENDANT denies all other allegations.

29. Answering Paragraph 29 of the FAC, DEFENDANT admits that individuals that are tested may release the results to third parties via a release. Not all individuals tested release the results.

30. Answering Paragraph 30 of the FAC, DEFENDANT asserts that since the document speaks for itself, DEFENDANT denies any allegations in contravention of the explicit terms of the document.

31. Answering Paragraph 31 of the FAC, DEFENDANT asserts that since the document speaks for itself, DEFENDANT denies any allegations in contravention of the explicit terms of the document.

32. Answering Paragraph 32 of the FAC, DEFENDANT asserts that the term "publishes" is vague and ambiguous and thereby DEFENDANT lacks sufficient information and belief to admit or deny and thereby must deny the allegations.

33. Answering Paragraph 33 of the FAC, DEFENDANT admits that it does have a release that contains the exacted quoted language "the name of the functions of the persons or entities authorized to receive the medical information."

34. Answering Paragraph 34 of the FAC, DEFENDANT admits that it does not have a release that contains the exact quoted language "[t]he name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure."

35. Answering Paragraph 35 of the FAC, DEFENDANT admits that it does not have a release that contains the exact quoted language "the specific uses and limitations on the use of the medical information by the persons or entities authorized to receive the medical information."

36. Answering Paragraph 36 of the FAC, DEFENDANT admits that it does not have a release that contains the exact quoted language "a specific date after which the provider of health care . . . is no longer authorized to disclose the medical information."

37. Answering Paragraph 37 of the FAC, DEFENDANT asserts that since the document speaks for itself, DEFENDANT denies any allegations in contravention of the explicit terms of the document.

///
///

DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Printed on recycled paper

38. Answering Paragraph 38 of the FAC, DEFENDANT asserts that since the document speaks for itself, DEFENDANT denies any allegations in contravention of the explicit terms of the document.

39. Answering Paragraph 39 of the FAC, DEFENDANT asserts that since the document speaks for itself, DEFENDANT denies any allegations in contravention of the explicit terms of the document.

40. Answering Paragraph 40 of the FAC, DEFENDANT asserts that since the document speaks for itself, DEFENDANT denies any allegations in contravention of the explicit terms of the document.

41. Answering Paragraph 41 of the FAC, DEFENDANT denies the allegations.

42. Answering Paragraph 42 of the FAC, DEFENDANT denies the allegations.

43. Answering Paragraph 43 of the FAC, DEFENDANT denies the allegations.

44. Answering Paragraph 44 of the FAC, DEENDANT lacks sufficient information and belief to admit or deny whether Plaintiffs worked in the California adult film industry and thereby must deny the allegations.

45. Answering Paragraph 45 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny how many times Plaintiff Garren tested positive for the conditions alleged.

46. Answering Paragraph 46 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny how many times Plaintiff Grandmason tested positive for the conditions alleged.

47. Answering Paragraph 47 of the FAC, DEFENDANT denies the allegations.

48. Answering Paragraph 48 of the FAC, DEFENDANT denies this allegation on the basis that they can neither admit nor deny it without more facts

49. Answering Paragraph 49 of the FAC, DEFENDANT denies on the basis that they lack knowledge determine the size of the class in light of the class definition.

50. Answering Paragraph 50 of the FAC, DEFENDANT denies that there is community of interest among the Class members as defined.

51. Answering Paragraph 51 of the FAC, DEFENDANT denies that there are common questions of law and fact to satisfy the class certification requirements as alleged in this paragraph.

52. Answering Paragraph 52 of the FAC, DEFENDANT denies that Plaintiffs' claims are typical of other Class members.

53. Answering Paragraph 53 of the FAC, DEFENDANT denies Plaintiffs' will fairly and accurately represent the interests of the Class.

54. Answering Paragraph 54 of the FAC, DEFENDANT denies.

55. Answering Paragraph 55 of the FAC, DEFENDANT denies.

56. Answering Paragraph 56 of the FAC, DEFENDANT denies.

57. Answering Paragraph 57 of the FAC, DEFENDANT incorporates all previous paragraphs as if full set forth herein.

58. Answering Paragraph 58 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby on that basis denies.

59. Answering Paragraph 59 of the FAC, DEFENDANT lacks sufficient information and belief to admit or deny and thereby on that basis denies.

60. Answering Paragraph 60 of the FAC, DEFENDANT denies.

61. Answering Paragraph 61 of the FAC, DEFENDANT denies.

62. Answering Paragraph 62 of the FAC, DEFENDANT denies.

DEFENDANT THE ADULT INDUSTRY MEDICAL HEALTH CARE FOUNDATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Printed on recycled paper

63. Answering Paragraph 63 of the FAC, DEFENDANT denies.

64. Answering Paragraph 64 of the FAC, DEFENDANT denies.

65. Answering Paragraph 65 of the FAC, DEEFNDANT lacks sufficient information and belief to admit or deny and thereby on that basis denies.

66. Answering Paragraph 66 of the FAC, DEFENDANT incorporates all previous paragraphs as if full set forth herein.

67. Answering Paragraph 67 of the FAC, DEFENDANT denies.

68. Answering Paragraph 68 of the FAC, DEFENDANT denies.

69 Answering Paragraph 69 of the FAC, DEFENDANT denies improper disclosure as referenced in Paragraph 67.

70. Answering Paragraph 70 of the FAC, DEFENDANT denies.

71. Answering Paragraph 71 of the FAC, DEFENDANT incorporates all previous paragraphs as if full set forth herein.

72. Answering Paragraph 72 of the FAC, DEFENDANT denies any prior or ongoing unfair, fraudulent or deceptive trade practice under Cal. Business & Professions Code, Section 17200 et seq.

73. Answering Paragraph 73 of the FAC, DEFENDANT denies.

74. Answering Paragraph 74 of the FAC, DEFENDANT denies.

75. Answering Paragraph 75 of the FAC, DEFENDANT denies.

## **AFFIRMATIVE DEFENSES**

1. DEFENDANT further denies, generally and specifically, that PLAINTIFFS are entitled to the relief requested, or that PLAINTIFFS have been, or will be damaged in any amount, or at all, by reason of any act or omission on the part of DEFENDANT, or any of its agents or employees.

2. DEFENDANT also pleads the following separate and affirmative defenses to the Complaint:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering DEFENDANT.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

(Unclean Hands)

4. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

(Laches)

5. The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

(Waiver)

6. PLAINTIFFS have waived their right, if any, to pursue the Complaint and each purported cause of action contained therein, by reason of thier own actions and course of conduct.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Estoppel)

7. PLAINTIFFS are estopped from pursuing the Complaint, and each purported cause of action contained therein, by reason of their own actions and course of conduct.

///

///

///

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Nondiscriminatory Motives)

8. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action because any actions taken with respect to PLAINTIFFS' were taken by DEFENDANT for legitimate, nondiscriminatory reasons and were reasonably based upon the facts as DEFENDANT understood them.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Reasonable Cause)

9. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action because all actions taken by DEFENDANT were on the basis of reasonable cause.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10. The Complaint, and each purported cause of action contained therein, is barred by the applicable statutes of limitations.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

11. The Complaint, and each purported cause of action contained therein, is barred because PLAINTIFFS have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Uncertainty)

12. The Complaint, and each purported cause of action contained therein, is uncertain in that it is impossible to determine from the Complaint which of the

alleged acts of this answering DEFENDANT caused the injuries alleged in the Complaint.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Entitle Award of Damages, Fees and/or Costs)

13. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to entitle PLAINTIFFS to an award of general damages, special damages, exemplary or punitive damages, statutory penalties, interest, or attorneys' fees and costs.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Third Person Intervention)

14. The Complaint, and each purported cause of action contained therein, is barred because any injuries, losses or damages which PLAINTIFFS have alleged in their Complaint, if any have occurred, which this answering DEFENDANT denies, such injuries, losses or damages were caused solely or in part by persons, firms, corporations or entities other than this answering DEFENDANT.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Actions Permitted by Law)

15. The Complaint, and each purported cause of action contained therein, is barred because any action taken by DEFENDANT was permitted by law.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Plaintiff Wholly or Partially at Fault)

16. The Complaint, and each purported cause of action contained therein, is barred because if PLAINTIFFS have sustained, or will sustain, any of the injuries, losses or damages described in their Complaint, which this answering DEFENDANT denies, then such injuries, losses or damages, were caused solely or in significant part by PLAINTIFFS' own acts which were a proximate contributing cause of the

incident(s), if any, referred to in their Complaint, and any resulting damages, or injuries, if any were sustained.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Good Cause)

17. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action, because any decisions made by DEFENDANT with respect to PLAINTIFFS were based upon good cause.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Preempted By Workers' Compensation)

18. The Complaint, and each purported cause of action therein, is preempted by the exclusivity provisions of the California Labor Code, sections 3600 *et seq.*

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Plaintiff Not Entitled to Punitive Damages)

19. PLAINTIFFS are not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a) PLAINTIFFS have failed to plead facts sufficient to support allegations of oppression, fraud or malice. (Civil Code, § 3294(a));

(b) PLAINTIFFS have failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of PLAINTIFF or that DEFENDANT was motivated by evil motive or intent; and

(c) Neither DEFENDANT nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others. (Civil Code, § 3294(b).)

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Defendant acted in Good Faith)

20. The Complaint, and each purported cause of action contained therein, is barred because this answering DEFENDANT contends that it acted at all times in good faith and without malice, bad faith or improper motive.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - Management)

21. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as substantial difficulties are likely to be encountered in the management of this action as a class action as the interest of each member and the whole differ.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - Numerosity)

22. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, since the class is not large enough to make individual actions unmanageable.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - No Ascertainable Class)

23. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as there is no existence of an ascertainable class and a well-defined community of interest among the class members.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - No Predominant Common Questions of Law/Fact)

24. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as substantial

difficulties are likely to be encountered in that there exist no predominant common questions of law or fact.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - Atypical or Differing Claims or Facts)

25. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as the class representative has differing claims or facts not typical of a particular class.

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - No Adequate Representation)

26. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as the class representative cannot adequately represent the class.

### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - Individual Factual Questions)

27. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as individual fact questions predominate over any common issues, rending class action treatment inappropriate.

### TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

(Not a Proper Class Action - Differing Affirmative Defenses)

28. PLAINTIFFS are barred from pursuing this Complaint, and each purported cause of action contained therein, as a class action, as defenses to be offered raise individual issues specific to each member of the class that predominate over the issues in common.

///
///

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Insufficient Pleadings)

29.    PLAINTIFFS have failed to plead her claims with sufficient particularity to enable DEFENDANT to allege all appropriate affirmative defenses and therefore, DEFENDANT reserves the right to allege additional affirmative defenses as needed.

WHEREFORE, DEFENDANT prays for judgment as follows:

1.    That PLAINTIFFS take nothing by reason of their Complaint, that the same be dismissed in its entirety with prejudice, and that judgment be entered for DEFENDANT;

2.    That DEFENDANT be awarded its costs and attorneys' fees as allowed by law; and,

3.    That DEFENDANT be awarded such other and further relief as the Court deems just and proper.

Dated: April 15, 2011        LANDEGGER, BARON, LAVENANT & INGBER
                             A Law Corporation


                             By:    /S/
                                    Michael S. Lavenant Attorneys for Defendant
                                    AIM HEALTHCARE FOUNDATION